UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-00355-TBR

PNC BANK, NATIONAL ASSOCIAION            Plaintiff

v.

ROWAN, LLC, *et al.*            Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Kevin D. Cogan's Motion to Dismiss. (Docket No. 5.) Plaintiff PNC Bank, National Association (PNC) has responded in opposition, (Docket No. 12), and Cogan has replied, (Docket No. 15). This matter is now ripe for adjudication. For the reasons that follow, Cogan's Motion to Dismiss, (Docket No. 5), will be DENIED.

RELEVANT BACKGROUND

This action was filed on March 20, 2013, against Cogan; Rowan, LLC (Rowan); and the Louisville/Jefferson County Metro Government. (Docket No. 1.) Relevant to Cogan's instant Motion are several separate proceedings in which both PNC and Cogan were parties. The first was filed in this Court on September 20, 2011, by PNC against Cogan and several entities owned by Cogan. That case was styled *PNC Bank, National Association v. Icon Properties-Plainview Place, LLC, et al.* and docketed as Civil Action No. 3:11-CV-523. For purposes of this Opinion, the Court will refer to that case as the "Federal Action."

The second was filed in Jefferson Circuit Court on September 19, 2011, by Cogan and several of his companies against PNC's parent holding company, PNC Financial Services Group, Inc. That case was styled *Jefferson Development Group, Inc., et al. v. PNC Financial Services Group, Inc.* and docketed as Case No. 11-CI-06152. PNC's parent holding company removed that action to this Court on September 22, 2011, and the plaintiffs' complaint was amended on September 29, 2011, to add PNC as a party defendant. Upon removal, that case was docketed as Civil Action No. 3:11-CV-530. For purposes of this Opinion, the Court will refer to that case as the "Removed Action."

The third was filed in Jefferson Circuit Court on October 7, 2011, by PNC against Rowan and Cogan. That case was docketed as Case No. 11-CI-403407. For purposes of this Opinion, the Court will refer to that case as the "State Action." The State Action was based on the debt (the "Rowan Note"), mortgage, and guaranty that are also the subject of the instant action.

On September 23, 2011, PNC moved to consolidate the Removed Action with the Federal Action. (No. 3:11-CV-523, Docket No. 16.) The Court granted that motion by order entered October 26, 2011. (No. 3:11-CV-523, Docket No. 36; No. 3:11-CV-530, Docket No. 16.) That order designated the Federal Action as the lead action and instructed the Clerk of Court to docket that order in both the Federal Action and the Removed Action. (No. 3:11-CV-523, Docket No. 36, at ¶¶ 1, 6; No. 3:11-CV-530, Docket No. 16, at ¶¶ 1, 6.) The October 26 order also instructed that "All further docketing shall take place in the lead action." (No. 3:11-CV-523, Docket No. 36, at ¶ 6;

No. 3:11-CV-530, Docket No. 16, at ¶ 6.) Accordingly, and also on October 26, 2011, the Clerk of Court entered a note in the dockets of the Removed Action stating:

> **Remark: THIS CASE HAS BEEN CONSOLIDATED with 3:11-cv-530-JBC. ALL FUTURE DOCKETING SHOULD BE DONE IN THE LEAD CASE 3:11CV-523-JBC. (JBM)**

A matching note reflecting the consolidation of the two cases and the Court's docketing instruction was entered the same day in the Federal Action.

Several months later, on January 27, 2012, the parties entered into a Settlement Agreement. That Settlement Agreement, among other things, extended the several debts that were sued upon in the Federal Action and dismissed with prejudice all of the claims in the Removed Action. In conjunction with that settlement, Cogan and Rowan entered into a Note Modification Agreement with PNC, also dated January 27, 2012, which extended the maturity of the Rowan Note to October 24, 2012, and also provided for the dismissal without prejudice of the State Action.

On February 10, 2012, the Court entered two Orders in the Federal Action: the first was an order of abatement abating the Federal Action until November 24, 2012, (No. 3:11-CV-00523, Docket No. 68); the second was an order of partial dismissal dismissing the claims in the Removed Action in accordance with terms of the Settlement Agreement, (No. 3:11-CV-523, Docket No. 69).

Later that year, the loans at issue in the Federal Action were refinanced by another lender, and PNC filed a notice on October 10, 2012, advising the Court that the Settlement Agreement had been fulfilled. (No. 3:11-CV-523, Docket No. 74.) Also on

October 10, the parties filed a joint motion to dismiss, which referenced the Settlement Agreement having been fulfilled. (No. 3:11-CV-523, Docket No. 75.) The following day, October 11, 2012, the Court entered the parties' proposed order of dismissal. (No. 3:11-CV-523, Docket No. 76.) That order provided, in pertinent part:

> IT IS HEREBY ORDERED that this action is hereby dismissed in its entirety with prejudice, including all claims that were or could have been alleged in this action at any time by the Plaintiff against any of the Defendants and all claims that were or could have been alleged in this action at any time by the Defendants or any of them against the Plaintiff. . . .

(No. 3:11-CV-523, Docket No. 76, at 1.) No further docket entries have since been made in the Federal Action.

Then, on December 5, 2012, the Clerk of Court entered a copy of the Court's October 11 order of dismissal in the docket of the Removed Action. (No. 3:11-CV-530, Docket No. 17.) No other docket entries were made in the Removed Action between the Clerk's October 26, 2011, remark regarding consolidation and the December 5, 2012, reentry of the October 11, 2012, order of dismissal, which already had been entered in the Federal Action.

## DISCUSSION

Cogan now moves to dismiss PNC's complaint against him on the basis that PNC's instant claim was dismissed by the reentry of the December 5, 2012, order of dismissal in the Removed Action. (*See* Docket No. 5.) Cogan seems to reason that because the Rowan Note (as modified by the Note Modification Agreement) matured on October 24, 2012, any claim PNC might have against him based on that debt would be

precluded by the December 5 reentry of the October 11 order of dismissal in the docket of the Removed Action.

The Court finds Cogan's position untenable for several reasons. First and foremost, when this Court consolidated the Federal Action and the Removed Action, its October 26, 2011, order expressly designated the Federal Action as the lead case and instructed that all future docketing should be done in the Federal Action. In accordance with that order, no further docketing was done in the Removed Action until December 5, 2012, when the Clerk reentered a copy of the October 11, 2012, order of dismissal in the docket of the Removed Action. But December 5 is not the critical date as Cogan insists; rather, the critical date relative to dismissal is October 11, when the Court entered its order of dismissal in the lead action, thereby dismissing both the Federal Action and the consolidated Removed Action. PNC's instant cause of action for nonpayment did not arise until the Rowan Note matured on October 24—thus, because the Rowan Note had not matured as of October 11, PNC had no cause of action on that debt or on Cogan's guaranty of that debt at the time the Federal Action and Removed Action were dismissed. Therefore, the Court's October 11 order of dismissal has no effect on PNC's instant cause of action against Cogan.

Furthermore, the caption of the October 11 order of dismissal that was docketed in the lead case expressly referenced both the lead case number (the Federal Action) and the consolidated case number (the Removed Action). When that order dismissed "this action . . . in its entirety," it dismissed both the Federal Action and the Removed Action that had been consolidated into the Federal Action.

Finally, although the Clerk reentered a copy of the October 11 order of dismissal in the docket of the Removed Action on December 5, that entry was done without any motion or order by this Court. It is unclear why the Clerk docketed that entry and why, if at all, on December 5. At most, it appears it was likely done as a mere innocuous clerical reference to the dismissal of the lead action. Regardless why a copy of that order was reentered on December 5, that reentry did not, under these circumstances, constitute a new order and, thus, does not affect the previously entered October 11 order of dismissal.

## CONCLUSION

For these reasons, the Court finds Cogan's Motion to Dismiss without merit. Therefore, being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Defendant Kevin D. Cogan's Motion to Dismiss, (Docket No. 5), is DENIED.

IT IS SO ORDERED.

Date:


cc: Counsel